## Joseph S. Falis *vs.* Conway Mutual Fire Insurance Company.

If a bond of defeasance which was executed by the grantee of land to the grantor at the time of taking the deed is surrendered and destroyed at the expiration of the time limited therein, and a new bond is given upon a consideration partly new, by which the grantee agrees to reconvey the premises to his grantor upon the payment within an additional time of a larger sum, the grantor thereby surrenders and abandons his title as mortgagor, and the grantee becomes the owner of the land in fee.

If an application for insurance is expressly made a part of the policy, and the policy is also made subject to the conditions and limitations expressed in the by-laws annexed, and these by-laws provide that the policy shall be void if the application shall not express the true title of the assured to the property and his interest therein, an answer that the applicant owns the property to be insured, in reply to a direct inquiry in the application upon that subject, when in fact he only holds a bond for a deed, will avoid the policy.

So an answer in such application that the property is incumbered "for $1000 with other property," in reply to the question, "Is it incumbered by mortgage or otherwise? If so, for what sum?" will avoid the policy, if in fact there is a mortgage for $1400 upon the property insured and other property.

CONTRACT upon a policy of insurance issued by the defendants, and dated October 12, 1860, by which they insured, in the sum of $1300, the plaintiff's dwelling-house, household furniture, bedding and barn, in Hubbardston. The policy was issued "under the conditions and limitations expressed in the by-laws," and contained a provision that the application should form a part of the contract, to be taken in connection with the policy. One of the by-laws provided that policies should become void "if the application shall not contain a full, fair and substantially a true representation of all the facts and circumstances respecting the property, so far as they are material to the risk; or if it shall not express the true title of the assured to the property, and his interest therein." The application contained, amongst others, the following questions and answers: "What interest have you in the property to be insured?" Answer, "Own it." "Is it incumbered by mortgage or otherwise? If so, for what sum?" Answer, "Yes. One thousand dollars, with other property."

It was agreed in the superior court that on the 20th of October 1844 the plaintiff, being the owner in fee of the real estate

insured, executed and delivered, for the consideration of $600, a deed of warranty thereof to Joseph Mason, who at that time advanced and paid that sum to the plaintiff, and also at the same time and as part of the same transaction executed and delivered to the plaintiff a bond with condition that upon the payment of the said $600 within five years, and interest annually, and upon payment of the taxes and the keeping of the building in repair by the plaintiff, Mason would reconvey the premises to him. This bond was afterwards given up, and a new one taken, which in its turn was given up, and a new one taken; and the plaintiff now holds the fourth bond thus taken from Mason, each running for five or six years, and each succeeding one being for a larger amount than the preceding, more money having been advanced to the plaintiff upon the surrender of each old bond and the execution of each new one. Each of the first three bonds was destroyed, without being recorded. At the date of the application and of the policy the plaintiff held the third bond, the condition of which was that Mason should convey the premises upon the payment of $1400, with interest, &c., that being the amount of the original consideration and of the several subsequent advances. After the execution of the policy, but before the fire, the third bond was surrendered, and the fourth one given; this transaction being without the knowledge of the defendants. The plaintiff has always been in exclusive possession of the premises.

And if the facts are competent, and if the question in relation to the incumbrances should be held to apply only to the buildings and the land necessary for the use and enjoyment thereof, and not to the whole piece of land described in the deed, it was further agreed that the proportion which the value of the buildings and such necessary land bears to the value of the buildings and the whole piece of land was as $1000 to $1400

Upon these facts, and others which are not now material, *Rockwell*, J. directed the jury to return a verdict for the defendants, which they accordingly did; and he reported the case for the determination of this court.

*F. H. Dewey & G. A. Torrey*, for the plaintiff. The transaction between Mason and the plaintiff was a mortgage. The renewal of the bonds only operated as a continuance of the mortgage. Gen. Sts. *c.* 140, § 37. *Judd* v. *Flint*, 4 Gray, 557. *Stetson* v. *Gulliver*, 2 Cush. 494. *Lovering* v. *Fogg*, 18 Pick. 540. *Trull* v. *Skinner*, 17 Pick. 213. *Rice* v. *Rice*, 4 Pick. 349. The plaintiff was therefore owner in fee, and his answer expressed his true title. *Allen* v. *Charlestown Ins. Co.* 5 Gray, 384. *Buffum* v. *Bowditch Ins. Co.* 10 Cush. 540. *Nichols* v. *Fayette Ins. Co.* 1 Allen, 63. The answer respecting incumbrances was not false. The question only applied to the property on which insurance was desired, or at any rate only to the buildings and the land under the same. Gen. Sts. *c.* 58, § 52. If there is an inaccuracy, it was caused by the ambiguity of the question, and should not prejudice the plaintiff. *Wilson* v. *Hampden Ins. Co.* 4 R. I. 159.

*W. Griswold*, for the defendants, cited, as to the ownership, *Murphy* v. *Calley*, 1 Allen, 107, and cases cited; *Trull* v. *Skinner*, 17 Pick. 216; *Harrison* v. *Phillips Academy*, 12 Mass. 456; *Kelleran* v. *Brown*, 4 Mass. 443; *Smith* v. *Bowditch Ins. Co.* 6 Cush. 448; *Brown* v. *Williams*, 28 Maine, 252; *Wilbur* v. *Bowditch Ins. Co.* 10 Cush. 446; *Jenkins* v. *Quincy Ins. Co.* 7 Gray, 370; and, as to the incumbrance, *Abbott* v. *Shawmut Ins. Co.* 3 Allen, 213; *Draper* v. *Charter Oak Ins. Co.* 2 Allen, 569, and cases there cited; *Lowell* v. *Middlesex Ins. Co.* 8 Cush. 127; *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 415.

HOAR, J. The plaintiff took his policy of insurance subject to the conditions stated in the by-laws of the insurance company; and among these conditions it was stipulated that the policy should be void " if the application shall not contain a full, fair and substantially a true representation of all the facts and circumstances respecting the property, so far as they are material to the risk; or if it shall not express the true title of the assured to the property, and his interest therein."

Among the interrogatories put to the applicant and answered in the application, " relating to the risk," were these : " 2. What interest have you in the property to be insured ? " to which the plaintiff answered, " Own it; " and " 13. Is it incumbered by

mortgage or otherwise ? If so, for what sum ? " To which the answer was, " Yes. One thousand dollars, with other property."

Previous to the application the plaintiff had conveyed the premises by an absolute deed, taking back a bond for a reconveyance on the payment of $600 in five years. When the time limited in that bond had expired, it was given up by him; and a further advance of money was made to him, and a new bond was given to him for the conveyance of the estate upon payment of both sums.

The second bond was renewed in like manner; until at the date of the application the plaintiff held a bond which entitled him to a conveyance on payment of $1400 and interest.

The first deed and bond unquestionably constituted a mortgage; and the plaintiff now contends that this character of the estate was not changed by the subsequent transactions, and that he held an equity of redemption when he answered that he owned the property. But we cannot so regard it. The bond of defeasance, the only contract made with him at the time when he conveyed the land, had been surrendered, and by the agreement of the parties had become inoperative and void. The new bonds given in succession were in every essential particular new and independent contracts; they were different in amount, upon a consideration partly new, and to be performed at a different time. They were therefore merely personal contracts; and not being made at the same time with the conveyance of the land, or provided for in any agreement made at that time, did not create any estate in the land. The plaintiff had surrendered and abandoned the title which he held as mortgagor, and made a contract to purchase the land upon new conditions, and for a new consideration. There is no recital in the bond which the plaintiff held at the time he effected his insurance, connecting it with the original bond, or showing that it was intended to be a mere renewal or extension of the other; and there is no evidence that it was so understood or agreed by the parties. The case is thus precisely within the decision in *Trull* v. *Skinner,* 17 Pick. 213, and of the cases there cited. See also *Rice* v. *Bird,* 4 Pick. 350, *note.*

No case has been found by the plaintiff's counsel in which it was ever held that, under such circumstances, the new contract to convey would constitute a mortgage. In *Stetson* v. *Gulliver*, 2 Cush. 494, there was no proof that the first bond was cancelled or surrendered or in any way vacated, when the second bond was taken.

The plaintiff's statement, therefore, that he owned the estate, to which he had no title, avoided the policy. *Smith* v. *Bowditch Ins. Co.* 6 Cush. 448.

The answer to the question respecting incumbrances would present an obstacle equally fatal to the plaintiff's case, if we could consider his title as that of a mortgagor. The amount due on the bond to entitle him to a conveyance was $1400; while his answer disclosed but $1000. It is suggested that the amount really belonging to the property insured was but $1000, because the proportionate value of that to the whole estate covered by the mortgage was but as $1000 to $1400. But the mortgage was entire, and could not be apportioned by the mortgagor or those claiming under him. The insurance company could have had no benefit of their lien upon the estate, without discharging the whole incumbrance. The relative value of the different parts of the property would be liable to continual change ; and the defendants had a right, in answer to their express interrogatory, to a full disclosure of the entire extent of the burden to be assumed in order to make the title to the estate clear and indefeasible. *Davenport* v. *New England Ins. Co.* 6 Cush. 340. *Wilbur* v. *Bowditch Ins. Co.* 10 Cush. 446. *Hayward* v. *New England Ins. Co.* Ib. 444.

*Judgment on the verdict for the defendants.*